JASPER E. JONES, Judge.
This is an action for damages based upon legal malpractice. The plaintiff, Dr. John P. Davis, Jr., appeals a judgment rejecting his demands against the defendant, Attorney Alex Rubenstein. We affirm.

The Facts

This action arises from Rubenstein’s representation of Davis in an earlier action against Richard G. Johnson and two business entities controlled by Johnson. .That action arose from plaintiff’s dealings with Johnson concerning forward silver contracts purchased by the plaintiff through Johnson beginning in early 1968.
*813 Davis bought four forward silver contracts. Two of these were extended many times. In December, 1973, Davis liquidated his contracts and a dispute erupted as to the sums due him.
On September 8, 1976, Davis sued Johnson, Richard G. Johnson & Company and Richard G. Johnson & Company, Inc., seeking an accounting or, alternatively, damages in the amount of $31,744.00. On May 17, 1983, original counsel for Davis withdrew and on June 8, 1983, Rubenstein enrolled. Rubenstein took only informal action on the case before it was dismissed upon grounds of abandonment on October 25, 1984. Davis then brought this action against Rubenstein.
The trial judge found Rubenstein had been negligent in allowing the prior suit to be dismissed. However, he also found Davis had received all sums due him and he rejected Davis’s contention that he was entitled to rescission of the forward silver contracts upon grounds of error. This appeal followed.
On appeal, Davis contends the trial judge erred in concluding he would not have been entitled to rescission of the forward silver contracts upon grounds of error due to his failure to understand the nature of the extensions of the contracts.
Davis makes three assignments of error.[1] This appeal presents two primary issues:
1. did Rubenstein bear his burden of showing Davis could not have obtained the rescission of the forward silver contracts upon grounds of error; and
2. was the disclosure statement properly excluded from evidence.
A forward silver contract gives the investor the right to purchase a specified amount of silver at a set price on or before the maturity date of the contract. The contracts involved here were each for 10,-000 ounces of silver and for terms of approximately six months. In order to obtain the contract the investor puts up on margin a specified percentage of the contract value. The investor is subject to margin calls depending upon the movement of the price of the silver.
Under the forward silver contract the investor may exercise any of the following courses: first, he may exercise the contract and purchase silver at the contract price by paying the balance due after the application of the margin to his contract price; second, he may sell the contract to another investor; third, he may .forfeit the contract in which case he also forfeits the margin funds; and fourth, he may obtain an extension at maturity date. The investor was required to élect which course he would follow approximately two days before the settlement date of a contract or extension.
The extension allows the investor to extend his position for an additional ninety days and at the expiration of that time he may choose any of the abovementioned courses including obtaining another extension. In order to obtain an extension the investor must pay a premium and his contract price for silver is increased by that amount while the amount of the premium is added to the investor’s margin. Here Davis paid 5$ per ounce for the first several extensions of the contracts but later the cost of extensions increased to 5.5$ per ounce.
The investor pays commissions both at the time of the original purchase of a forward silver contract and when purchasing an extension.

Issue #1

Davis argues it was Rubenstein’s burden to show he was not entitled to recover against Johnson on any of the suggested grounds. This is correct. Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La.1982).
At trial Davis suggested two theories of recovery against Johnson. First, that he had not been paid all sums due him under *814 the forward silver contracts and, second, that he was entitled to rescission of the forward silver contracts on grounds of error.
The evidence at trial overwhelmingly shows that the first theory of recovery is without merit. The evidence concerning the second theory of recovery is conflicting.
At trial Davis testified that he did not understand the nature of the extensions. He characterized himself as a “dummy” and testified he believed the premiums he paid accrued to his margin with no corresponding increase in the price of the silver.
Davis contends he is entitled to rescission of the contracts upon grounds of error because he did not understand the terms of the extensions. This contention is based upon the rule that error as to the nature of a contract will render the contract void. Carter v. Financial Advisor & Consultant, 444 So.2d 646 (La.App. 1st Cir.1983), writ den., 446 So.2d 313 (La.1984); LSA-C.C. Art. 1948 et seq.
The evidence presented by Rubenstein shows that Davis was an experienced investor who had participated in many types of investments including stocks, commodities, real estate and at least one prior forward silver contract. When Davis purchased the first of these forward silver contracts he cut off Johnson’s explanation of the contract by telling him he knew more about them than Johnson.
The evidence also shows that each time a contract was extended, Johnson mailed to Davis confirmation documents showing the new higher price for the silver. Davis denied receipt of such documents but the trial judge found to the contrary.
Further, under cross-examination by plaintiffs counsel, Richard Johnson testified as follows concerning what he had told Davis about the extensions:
I told him, “You pay the Five Hundred Dollars and it increases the cost of your silver, the amount, and that Five Hundred Dollars is added to the amount you have in deposit with Mocata & Golds-midt.” (R.p. 226) [emphasis added]
In summary, Rubenstein presented evidence which showed Davis was an experienced investor who was specifically advised that the extensions increased the cost of the silver and who was repeatedly sent written notices confirming the extensions which showed the increasing price of the silver.
In contrast Davis testified he was an unknowledgeable investor to whom nothing was explained. The trial judge found this testimony incredible. Our review of the record shows this credibility call was well supported by the evidence.
The credible evidence presented by the defendant was sufficient to discharge his burden of proof. The evidence shows Davis could not have recovered from Johnson through rescission of the forward silver contracts upon grounds of error.
Even had the trial judge accepted plaintiff’s contention that he did not understand the extension contracts it would be of no avail to him. This is so because an error by one party may not invalidate a contract if the cause of the error was the complaining party’s inexcusable neglect in discovering the error. Scott v. Bank of Coushatta, 512 So.2d 356 (La.1987).
Here Davis received a direct explanation from Johnson and numerous extension confirmation notices, any one of which should have been sufficient to bring the error to his attention. His failure to discover the error under these circumstances would be inexcusable.
Appellant’s assignments of error numbers one and two lack merit.

Issue #2

Appellant contends the trial judge erred in not admitting into evidence and considering a disclosure statement concerning forward silver contracts prepared by Johnson for his customers. Johnson testified he prepared the document after he “had the problems with Dr. Davis because [he] didn’t want to have to go through that again.” (R.p. 241). The trial judge excluded this document from evidence upon grounds that it constituted a corrective action, evidence of which cannot be con *815 sidered to prove negligence or fault. See Gauche v. Ford Motor Company, 226 So. 2d 198 (La.App. 4th Cir.1969). Cf. 2 Wigmore on Evidence § 283.
We find no error in the decision of the trial judge not to admit this document into evidence. We also note that the admission of this document into evidence would not help appellant’s case for the reason that the evidence shows that appellant was specifically advised by Johnson of the nature of the extensions. As Davis had been specifically advised of these matters by Johnson the failure of Johnson to provide him with a redundant written document would be of no moment.
Appellant’s third assignment of error is without merit.
The judgment of the district court is AFFIRMED at appellant’s costs.

.He contends the trial judge erred in:
1. finding Davis could not have recovered from Johnson;
2. finding Davis had received all sums due him when the contracts could have been set aside on grounds of error; and
3. not admitting as evidence and considering disclosure documents prepared by Johnson.